```
           UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF MISSOURI
                 EASTERN DIVISION


JERMAINE S. EWING,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 4:05CV1766(HEA)
                                )
JAMES PURKETT, et al.,          )
                                )
          Defendants.           )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Jermaine S. Ewing (registration no. 517914), a prisoner at the Eastern Reception and Diagnostic Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $25.17, and an average monthly account balance of $33.81. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.76, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B),

the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants in the original complaint are James Purkett, Tom Villimer, Mike Lundy, Steve Long, Unknown Lane, Unknown Birch, John Bain, Unknown Pana, John Brinkman, Douglas Montgomery, Jamie Crump, Unknown Ellis, Mr. Unknown Kenoyor, Mrs. Unknown Kenoyor, Jim McDaniels, David Boyd, and "Joseph Doe." Additional defendants named in a supplement to the complaint filed on December 23, 2005, are C.O.I Settles, C.O.I Cindy Slinkard, and C.S.I Jenny Lewis.

Liberally construing the complaint, plaintiff alleges that defendant Mrs. Kenoyer performed a strip search of him in violation of his right to privacy. Plaintiff further alleges that defendants Pana, Ellis, and Boyd either participated in this strip search or failed to intervene (despite their knowledge of it) to prevent the alleged violation of his rights. Plaintiff also claims that defendants Ellis, Mrs. Kenoyor, Settles, Slinkard, and Lewis retaliated against him for filing grievances concerning the strip search by having him placed on Temporary Administrative Segregation

3

Confinement (TASC). Plaintiff contends that his confinement in TASC may also interfere with his ability to respond to Court deadlines.

Additionally, plaintiff claims that defendants Purkett, Long, Montgomery, Crump, McDaniels, and Boyd "circumvented" the prison grievance system by denying his grievances concerning the strip search.

**Discussion**

Plaintiff's claims against defendants Ellis, Mrs. Kenoyor, Boyd, Settles, Slinkard, and Lewis regarding the invasion of his privacy (strip search) and the denial of his first amendment rights (retaliating for filing the grievance) survive review under § 1915(e)(2)(B) and should not be dismissed as this time. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that the defendants Ellis, Mrs. Kenoyor, Boyd, Settles, Slinkard, and Lewis reply to these claims.

Plaintiff's claim that defendants "circumvented" the prison grievance system by denying his grievances concerning the strip search, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). A prison grievance procedure does not confer any substantive right upon the inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Defendants's alleged failure to process his grievances is not actionable under § 1983. *Id*.

Plaintiff's claim that his confinement on TASC may interfere with his ability to meet the Court's deadlines should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because

4

plaintiff has failed to allege any facts indicating that the limitations on his access to his legal materials has caused him to suffer actual prejudice to a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Plaintiff's claims against defendants Villimer, Lundy, Lane, Birch, Bain, Brinkman, Mr. Kenoyor, and Joseph Doe should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has failed to assert any facts indicating that the defendants were directly involved in or personally responsible for the alleged deprivation of rights. Accordingly, plaintiff's claims against these defendants should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as follows: *Jermaine S. Ewing v. James Purkett, Tom Villimer, Mike Lundy, Steve Long, Unknown Lane, Unknown Birch, John Bain, Unknown Pana, John Brinkman, Douglas Montgomery, Jamie Crump,*

5

*Unknown Ellis, Mr. Unknown Kenoyor, Mrs. Unknown Kenoyor, Jim McDaniels, David Boyd, Joseph Doe, C.O.I Settles, C.O.I Cindy Slinkard, and C.S.I Jenny Lewis*.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.76 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Purkett, Villimer, Lundy, Long, Lane, Birch, Bain, Brinkman, Montgomery, Crump, Mr. Kenoyor, McDaniels, and Joseph Doe because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Pana, Ellis, Mrs. Kenoyor, Boyd, Settles, Slinkard, and Lewis.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Pana, Ellis, Mrs. Kenoyor, Boyd, Settles, Slinkard, and Lewis shall reply to the complaint within the time

provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 26th day of January, 2006.

_____
**UNITED STATES DISTRICT JUDGE**