UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAINE S. EWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1766 HEA |
| ) | |
| JAMES PURKETT, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants David Boyd, Jenny Lewis, Keith Pona, Dana Ellis, Cynthia Slinkard, Daniel Settles, and Anna Kenoyer's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [#11]. Plaintiff has failed to respond to the motion. On April 25, 2006, this Court entered an Order requiring Plaintiff to show cause within 30 days why this matter should not be dismissed without prejudice. To date, Plaintiff has failed to respond to the Order. Despite Plaintiff's delinquency in failing to respond to both Defendants' motion and this Court's show cause Order, Defendants' motion has been considered on its merits. For the reasons set forth below, Defendants' motion is granted.

## Facts and Background

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri, brings this cause of action pursuant to 42 U.S.C. 1983, alleging a violation of his right to privacy when correctional officers at the institution

conducted a strip search. Plaintiff claims Defendant Kenoyer conducted the strip search while Defendants Pona, Ellis, and Boyd failed to intervene and/or prevent the alleged privacy violation. Plaintiff also alleges Defendants Ellis, Kenoyer, Settles, Slinkard, and Lewis placed Plaintiff in segregation confinement in retaliation for filing grievances relating to the strip search.

Defendants Boyd, Lewis, Pona, Ellis, Slinkard, Settles, and Kenoyer now move to dismiss Plaintiff's Amended Complaint against them under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## **Discussion**

Defendants contend they should be dismissed from this cause of action under Rule 12(b)(1) of the Federal Rules because subject matter jurisdiction is lacking. Defendants also argue Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6). The Court will first address the issue of subject matter jurisdiction.

**Sovereign Immunity**

Defendants Boyd, Lewis, Pona, Ellis, Slinkard, Settles, and Kenoyer argue they are entitled to dismissal for lack of subject matter jurisdiction because Plaintiff has sued them in their official capacities, thus Defendants are shielded by the Eleventh Amendment to the United States Constitution. The Court agrees.

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. Amend. XI.

Sovereign immunity extends to states and "arms" of the state. *Alden v. Maine*, 527 U.S. 706, 756 (1999); *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon*, 210 F.3d 814, 819 (8th Cir.), *cert denied*, 531 U.S. 958 (2000). Whether an entity constitutes an "arm" of the state turns on its relationship to the state under state law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430-31 and n. 5 (1997); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

When a plaintiff names an official in his individual capacity, the plaintiff is seeking to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). When a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover damages from the government body itself. *Id.* at 159; *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985). Failing to expressly state that the official is being sued in his individual capacity will be construed as an intent to sue the defendant only in his official capacity. *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989). An action against a state official, in his or her official capacity, is tantamount to a suit against the state itself, and absent waiver or consent, is barred by the Eleventh Amendment. The bar

applies whether a plaintiff is seeking damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01 (1984).

Here, Defendants Boyd, Lewis, Pona, Ellis, Slinkard, Settles, and Kenoyer urge dismissal because this suit is against them in their official capacities. Because Plaintiff's Complaint contains official-capacity claims against these Defendants, the real party at interest in this case is the State of Missouri. Thus, Defendants Boyd, Lewis, Pona, Ellis, Slinkard, Settles, and Kenoyer are shielded by the Eleventh Amendment. Therefore, this Court lacks subject matter jurisdiction, and Defendants' motion to dismiss will be granted. The Court need not address Defendants' further arguments with respect to Plaintiff's failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [#11] is granted; this matter is dismissed as to Defendants David Boyd, Jenny Lewis, Keith Pona, Dana Ellis, Cynthia Slinkard, Daniel Settles, and Anna Kenoyer.

Dated this 30th day of May, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE